FILED

OCT 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JASPAL SINGH, | No. 09-72039 |
| Petitioner, | Agency No. A078-046-272 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 11, 2013
San Francisco, California

Before: WALLACE, M. SMITH, and IKUTA, Circuit Judges.

Jaspal Singh (also known as Sukhwinder Singh), a native and citizen of

India, petitions for review of the Board of Immigration Appeals' (BIA) decision

affirming the Immigration Judge's (IJ) denial of his asylum, withholding of

removal, and Convention Against Torture (CAT) claims. We deny the petition for

review.

---

 [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Because the BIA adopted and affirmed the IJ's decision and cited to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), we review the decision of the IJ as the BIA's decision. *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, for substantial evidence, and we uphold the findings unless the record compels a contrary result. 8 U.S.C. § 1252(b)(4)(B); *Monjaraz-Munoz v. INS*, 327 F.3d 892, 895 (9th Cir. 2003).

The pre-REAL ID Act standards for adverse credibility determinations govern this petition. *See Rizk v. Holder*, 629 F.3d 1083, 1087 n.2 (9th Cir. 2011). "As long as one of the identified grounds underlying a negative credibility finding is supported by substantial evidence and goes to the heart of the claims of persecution, we are bound to accept the negative credibility finding." *Khadka v. Holder*, 618 F.3d 996, 1000 (9th Cir. 2010) (citations omitted); *see also Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003) ("[W]hether we have rejected some of the IJ's grounds for an adverse credibility finding is irrelevant.").

Here, substantial evidence supports the agency's adverse credibility finding because Singh provided inconsistent, vague, and unresponsive testimony when questioned about fundamental aspects of his application. First, Singh's testimony regarding his role as village sarpanch was riddled with inconsistencies regarding

2

his assumption of that position, his duties, and his resignation. These inconsistencies go to the heart of Singh's asylum application because they raise doubts as to whether he actually served as sarpanch, and whether the government persecuted him on that basis.

Singh's vague and unresponsive testimony regarding his political activities also provides substantial evidence supporting the agency's adverse credibility determination. Despite several direct questions, Singh failed to provide specifics about his role in the Block Samiti and the Akali Dal Mann party. Indeed, Singh failed to mention that the central goal of the Akali Dal Mann party is the creation of an independent Sikh state until the IJ asked him explicitly. This vague and evasive testimony goes to the heart of Singh's asylum application because it raises serious questions regarding whether he was, in fact, engaged in political activities in India, and whether the government persecuted him on that basis.

Because substantial evidence supports the denial of Singh's application for asylum, it likewise supports the denial of his withholding of removal claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Further, because Singh's CAT claim relies on the same testimony that was properly "determined to be not credible," his CAT claim fails. *Id.* at 1157.

**PETITION FOR REVIEW DENIED.**

3

*Singh v. Holder*, 09-72039

Ikuta, J., dissenting:

Although it may seem like "common sense" to assume that Singh would recall and be able to explain his duties as sarpanch or the goals of the Akali Dal Mann party if he actually had held that position or was a member of that party, *Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005), our prior decisions have held that similar assumptions by an immigration judge (IJ) are improper speculation and conjecture. *See, e.g., Joseph v. Holder*, 600 F.3d 1235, 1245 (9th Cir. 2010) (holding that the IJ's assumption that the petitioner should understand Haitian politics, given his claim that he was a high ranking member of the president's political party, was improper speculation and could not support an adverse credibility determination).

While Singh's testimony regarding his political activities was vague and unresponsive, we deem such problems to constitute substantial evidence only when there is "obvious evasiveness," such as when a petitioner cannot "explain [an] all-too-apparent contradiction in his testimony." *Wang v. INS*, 352 F.3d 1250, 1256–57 (9th Cir. 2003) (internal quotation marks omitted). There were no similar glaring contradictions in Singh's testimony.

Although Singh's testimony and documentary evidence regarding the dates

1

he assumed and resigned his position as sarpanch were inconsistent by a few days or months, such minor inconsistencies do not constitute substantial evidence sufficient to support an adverse credibility finding, particularly when they do not serve to enhance the petitioner's claim of persecution. *See Li v. Holder*, 559 F.3d 1096, 1103–07 (9th Cir. 2009) (holding that an adverse credibility determination based on speculation and minor inconsistencies that did not go to heart of claim was not supported by substantial evidence).

In sum, while common sense would lead me to join the majority, our case law prevents me from doing so. I respectfully and reluctantly dissent.